IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2011 AUG 15 ᵢP 3: 36

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ROVI CORPORATION, ROVI GUIDES, INC. (F/K/A GEMSTAR-TV GUIDE INTERNATIONAL INC.), GEMSTAR DEVELOPMENT CORPORATION, AND UNITED VIDEO PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SHARP CORPORATION, SHARP ELECTRONICS CORPORATION, and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC. <br><br> Defendants. | Civil Action No. 3:11cv533 HEH <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Rovi Corporation, Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International Inc.), Gemstar Development Corporation, and United Video Properties, Inc. (collectively "Rovi"), on personal knowledge as to its own acts, and on information and belief as to all others based on its investigation, allege as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement brought by Rovi against Defendants Sharp Corporation, Sharp Electronics Corporation, and Sharp Electronics Manufacturing Company of America, Inc. (collectively "Sharp") for infringement of U.S. Patent Nos. 6,305,016 ("the '016 Patent"), 7,493,643 ("the '643 Patent"), and RE41,993 ("the '993 Patent") (collectively, "the Asserted Patents").

## THE PARTIES

### Plaintiffs

2. Plaintiff Rovi Corporation is incorporated in Delaware and is located at 2830 De La Cruz Blvd., Santa Clara, California 95050.

3. Plaintiff Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International Inc.) is incorporated in Delaware and is located at 2830 De La Cruz Blvd., Santa Clara, California 95050. Rovi Guides, Inc. is a wholly-owned subsidiary of Rovi Corporation.

4. Plaintiff Gemstar Development Corporation is incorporated in California and is located at 2830 De La Cruz Blvd., Santa Clara, California 95050. Gemstar Development Corporation is the owner of U.S. Patent No. RE41,993. Gemstar Development Corporation is a wholly-owned subsidiary of Rovi Guides, Inc.

5. Plaintiff United Video Properties, Inc. is incorporated in Delaware and is located at 2830 De La Cruz Blvd., Santa Clara, California 95050. United Video Properties, Inc. is the owner of U.S. Patent Nos. 7,493,643 and 6,305,016. United Video Properties, Inc. is a wholly-owned subsidiary of Rovi Guides, Inc.

### Defendants

6. Upon information and belief, Sharp Corp. is a corporation organized under the laws of Japan and has its principal place of business at 22-22, Ngaike-cho, Abeno-ku, Osaka, 545-8522, Japan.

7. Upon information and belief, Sharp Electronics Corp. is a subsidiary of Sharp Corp. It is incorporated in the state of New York and has its principal place of business at 1 Sharp Plaza, Mahwah, New Jersey 07495. Sharp Electronics Corp has a place of business at 1300 Wilson Blvd Suite 800, Arlington, Virginia 22209. Sharp Electronics Corp. also has a

registered agent in the Commonwealth of Virginia, that agent is CT Corporation System, and it has a place of business at 4701 Cox Rd. Suite 301, Glen Allen, VA 23060-6802.

8. Upon information and belief, Sharp Electronics Manufacturing Company of America, Inc. is a subsidiary of Sharp Corp. It is incorporated in the state of California and has its principal place of business at 1 Sharp Plaza, Mahwah, New Jersey 07495.

## **JURISDICTION AND VENUE**

9. This is an action arising under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has specific and general jurisdiction over Sharp because they engage in business in the United States and within this district. Sharp has established minimum contacts with this forum. Sharp manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in this district. Sharp, directly and/or through its distribution network, places the products within the stream of commerce, which is directed at this district, with the knowledge and/or understanding that such products will be sold in this district. The Sharp defendants are also increasing their contacts with this district by, for example, advertising employment positions in Arlington, Virginia. Therefore, the exercise of jurisdiction over Sharp would not offend traditional notions of fair play and substantial justice.

11. Sharp does business in this district, including providing products that are used, offered for sale, sold, and have been purchased in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

## FACTUAL BACKGROUND

12. Rovi is a global leader in digital entertainment technology solutions. Rovi provides guidance technology, entertainment data, content protection and content networking technology to customers for use in the consumer electronics, cable and satellite, entertainment and online distribution markets to enable them to deliver a unique entertainment experience for television, movies, music and photos.

13. Rovi is, in large part, the result of Macrovision Corporation's acquisition of Gemstar-TV Guide International, Inc. in May 2008. Gemstar-TV Guide International, Inc. was the product of a merger between Gemstar International Group, Ltd. and TV Guide, Inc. in 2000. All of these entities are and were innovators in interactive program guides (IPGs) and related technology.

14. Rovi invests significant resources in the development of interactive program guide, parental controls, and related technologies for use in Rovi's products and also for licensing to third parties who develop their own digital entertainment solutions.

15. Rovi's business depends, in significant part, on protecting its innovations through patents. Rovi's long-term financial success depends on its ability to establish, maintain, and protect its proprietary technology through enforcement of its patent rights. Sharp's infringement presents significant and ongoing damages to Rovi's business.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,305,016

16. Paragraphs 1 through 15 are incorporated by reference as if fully stated herein.

17. United Video Properties, Inc. owns by assignment the entire right, title, and interest in and to the '016 Patent including the right to bring this suit for injunctive relief and damages.

18. The '016 Patent issued on October 16, 2001 and is entitled "Systems and Methods for Displaying Information with a Perceived Partial Transparency Over a Television Program." A true and correct copy of the '016 Patent is attached as Exhibit A and made a part hereof.

19. The '016 Patent is valid and enforceable under United States Patent Laws.

20. Rovi is informed and believes that Sharp has infringed and is infringing the '016 Patent, in violation of 35 U.S.C.§ 271 *et seq.*, directly and/or indirectly, by making, using, offering for sale, selling in the United States, and/or importing into the United States without authority, television products that infringe one or more claims of the '016 Patent (*e.g.*, model LC-46LE832U television).

21. Upon information and belief, Sharp sells and offers for sale those products knowing of the '016 Patent, and knowing them to be specially made or adapted for infringing the '016 Patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use.

22. Upon information and belief, Sharp, knowing of the '016 Patent, actively induces infringement of the '016 Patent by at least encouraging and instructing its customers and end users to sell and/or use its accused television and digital video recorder products in a manner that infringes the '016 Patent, knowing that its actions would induce infringement of the '016 Patent, knowing that infringement of the '016 Patent would take place, intending that infringement take place in substantial numbers, and resulting in direct infringement of the '016 Patent by its customers and end users of the accused products.

23. Sharp's infringement of the '016 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

24. Rovi has been damaged by Sharp's infringement of the '016 Patent and will continue to be damaged unless enjoined by this Court. Rovi does not have an adequate remedy at law.

25. Sharp's infringement of the '016 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Sharp had actual knowledge of its infringement of the '016 Patent no later than July 26, 2011, when Rovi filed the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Controls Technology*, Case No. 337-2836, in the United States International Trade Commission.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,493,643

26. Paragraphs 1 through 15 are incorporated by reference as if fully stated herein.

27. United Video Properties, Inc. owns by assignment the entire right, title, and interest in and to the '643 Patent including the right to bring this suit for injunctive relief and damages.

28. The '643 Patent issued on February 17, 2009 and is entitled "Program Guide System with Video-On-Demand Browsing." A true and correct copy of the '643 Patent is attached as Exhibit B and made a part hereof.

29. The '643 Patent is valid and enforceable under United States Patent Laws.

30. Rovi is informed and believes that Sharp has infringed and is infringing the '643 Patent, in violation of 35 U.S.C.§ 271 *et seq.*, directly and/or indirectly, by making, using, offering for sale, selling in the United States, and/or importing into the United States without authority, television and digital video player products that infringe one or more claims of the '643 Patent (*e.g.*, model LC-46LE832U television and model BD-HP80U Blu-Ray DVD Player).

31. Upon information and belief, Sharp sells and offers for sale those products knowing of the '643 Patent, and knowing them to be specially made or adapted for infringing the '643 Patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use.

32. Upon information and belief, Sharp, knowing of the '643 Patent, actively induces infringement of the '643 Patent by at least encouraging and instructing its customers and end users to sell and/or use its accused television and digital video recorder products in a manner that infringes the '643 Patent, knowing that its actions would induce infringement of the '643 Patent, knowing that infringement of the '643 Patent would take place, intending that infringement take place in substantial numbers, and resulting in direct infringement of the '643 Patent by its customers and end users of the accused products.

33. Sharp's infringement of the '643 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

34. Rovi has been damaged by Sharp's infringement of the '643 Patent and will continue to be damaged unless enjoined by this Court. Rovi does not have an adequate remedy at law.

35. Sharp's infringement of the '643 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Sharp had actual knowledge of its infringement of the '643 Patent no later than July 26, 2011, when Rovi filed the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Controls Technology*, Case No. 337-2836, in the United States International Trade Commission.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. RE41,993

36. Paragraphs 1 through 15 are incorporated by reference as if fully stated herein.

37. Gemstar Development Corp. owns by assignment the entire right, title, and interest in and to the '993 Patent including the right to bring this suit for injunctive relief and damages.

38. The '993 Patent issued on December 7, 2010 and is entitled "Apparatus and Method for Improved Parental Control of Television Use." A true and correct copy of the '993 Patent is attached as Exhibit C and made a part hereof.

39. The '993 Patent is valid and enforceable under United States Patent Laws.

40. Rovi is informed and believes that Sharp has infringed and is infringing the '993 Patent, in violation of 35 U.S.C.§ 271 *et seq.*, directly and/or indirectly, by making, using, offering for sale, selling in the United States, and/or importing into the United States without authority, television products that infringe one or more claims of the '993 Patent (*e.g.*, model LC-46LE832U television).

41. Upon information and belief, Sharp sells and offers for sale those products knowing of the '993 Patent, and knowing them to be specially made or adapted for infringing the '993 Patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use.

42. Upon information and belief, Sharp, knowing of the '993 Patent, actively induces infringement of the '993 Patent by at least encouraging and instructing its customers and end users to sell and/or use its accused television and digital video recorder products in a manner that infringes the '993 Patent, knowing that its actions would induce infringement of the '993 Patent, knowing that infringement of the '993 Patent would take place, intending that infringement take

place in substantial numbers, and resulting in direct infringement of the '993 Patent by its customers and end users of the accused products.

43. Sharp's infringement of the '993 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

44. Rovi has been damaged by Sharp's infringement of the '993 Patent and will continue to be damaged unless enjoined by this Court. Rovi does not have an adequate remedy at law.

45. Sharp's infringement of the '993 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Sharp had actual knowledge of its infringement of the '993 Patent no later than July 26, 2011, when Rovi filed the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Controls Technology*, Case No. 337-2836, in the United States International Trade Commission.

## PRAYER FOR RELIEF

WHEREFORE, Rovi prays for the following judgment and relief against Sharp:

(A) That Sharp has infringed each and every one of the Asserted Patents;

(B) That the Asserted Patents are not invalid and are enforceable;

(C) That Sharp, its officers, agents, employees, and those persons in active concert or participation with any of them, and its successors and assigns, be permanently enjoined from infringement, inducement of infringement, and contributory infringement of each and every one of the Asserted Patents, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the Asserted Patents;

(D) That Rovi be awarded all damages adequate to compensate it for Sharp's

infringement of the Asserted Patents, such damages to be determined by a jury, and, if necessary to adequately compensate Rovi for the infringement, an accounting;

(E) That Rovi be awarded treble damages and pre-judgment and post-judgment interest at the maximum rate allowed by law;

(F) That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Rovi be awarded attorneys' fees, costs, and expenses incurred in connection with this action;

(G) That Rovi be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Rovi demands a trial by jury of this action.

Dated: August 15, 2011

By: /s/ Joel Freed
Joel Freed (Va. Bar No. 06555)
McDermott Will & Emery LLP
600 Thirteenth Street, NW
Washington, DC 20005
202.756.8000
202.756.8087 (facsimile)

Of Counsel

Yar R. Chaikovsky
David L. Larson
Hong S. Lin
Jeremiah A. Armstrong
Cary Chien
McDermott Will & Emery LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
650.815.7400
650.815.7401 (facsimile)

Attorney for Plaintiffs Rovi Corporation, Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International, Inc.), Gemstar Development Corporation, and United Video Properties, Inc.